

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00427-CV

TERRY MITCHELL ACREMAN, APPELLANT

V.

SHELLIE ANNETTE HAMILTON, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 105572-B, Honorable John B. Board, Presiding

August 20, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Terry Mitchell Acreman, appearing *pro se,* appeals the trial court's order dismissing his suit against appellee Shellie Annette Hamilton.  We will affirm the order.

Background

At the time of the events leading to his suit, Acreman was an inmate in the Clements Unit in Potter County.  Shellie Hamilton was a charge nurse assigned to that unit.  According to Acreman's later petition, Hamilton "unsuccessfully attempted to flush

[Acreman's] cardiac port-a-cath."[1]  He alleged that, contrary to nursing standards of practice, Hamilton "did not obtain a positive blood return prior to pushing the saline through" the port-a-cath.  He further alleged her actions subjected him to severe pain and suffering "and could have caused his demise."  Acreman contended the Clements Unit "had no policy and procedure in place allowing nurses to perform the procedure" and Hamilton did not have the needed training.

Acreman's suit against Hamilton alleged she was liable in her individual capacity.  The Office of the Attorney General, representing Hamilton, filed a motion under section 101.106(f) of the Texas Tort Claims Act,[2] asking that the suit be dismissed unless Acreman filed an amended petition substituting Hamilton's employer Texas Tech University Health Sciences Center—Correctional Managed Care.  Acreman did not amend his petition.  After a hearing, the trial court granted the Attorney General's motion.

---

[1]  Hamilton's brief cites a National Cancer Institute dictionary describing a port-a-cath as:  "A device used to draw blood and give treatments, including intravenous fluids, drugs, or blood transfusions.  The port is placed under the skin, usually in the chest.  It is attached to a catheter (a thin, flexible tube) that is guided (threaded) into a large vein above the right side of the heart called the superior vena cava.  A port-a-cath may stay in place for many weeks or months.  A needle is inserted through the skin into the port to draw blood or give fluids. Also called port."  NCI Dictionary of Cancer Terms, "port-a-cath," available at https://www.cancer.gov/publications/dictionaries/cancer-terms?cdrid= 44175 (last visited August 20, 2018).

[2]  TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2017).

Applicable Law and Analysis[3]

Section 101.106(f) of the Texas Tort Claims Act states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

> TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

In his response to the motion to dismiss, and at the hearing the court conducted on the motion, Acreman contended Hamilton was not acting within the general scope of her employment when she attempted to flush his port. Acreman pointed to what he contended was evidence Hamilton acted negligently and without adequate training.[4]

By her motion to dismiss, Hamilton asserted a claim based on governmental immunity. *See Marino*, 526 S.W.3d at 405 n.5 (citing *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011)). We review *de novo* the question whether Acreman has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction over his claim against Hamilton. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217,

---

[3] Acreman's argument in his brief complains of the trial court's exclusion of "critical evidence." The record of the trial court's hearing on Hamilton's motion to dismiss does not indicate the trial court excluded any evidence offered by Acreman. For those reasons, we overrule any issue raised by the brief regarding the exclusion of evidence.

[4] No issue is presented regarding Hamilton's status as an employee of a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2), (3) (defining "employee" and "governmental unit"); *Marino v. Lenoir*, 526 S.W.3d 403, 406 (Tex. 2017) (applying definition of "employee").

226 (Tex. 2004). In our review, we construe the pleadings liberally in Acreman's favor and look to his intent. *Id*. To the degree the record reflects the court heard evidence, we take as true all evidence favorable to Acreman. *Id*. at 228.

"Scope of employment" is a defined term under the Texas Tort Claims Act. It means "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). Even assuming the truth of Acreman's factual allegations, we can see no reason to doubt that Hamilton was acting within the scope of her employment when, in her assigned role as a charge nurse in the Clements Unit, she rendered treatment to Acreman, attempting to clean his port. That she may have performed the task negligently does not raise an issue of fact regarding the scope of her employment. *See Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017) (required connection between employee's job duties and allegedly tortious conduct may exist even if employee performs negligently); *see also Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 848 (Tex. 2018) (rejecting notion employee cannot act negligently and still be within scope of employment, and pointing out entire body of law of respondeat superior holds otherwise).

Because she was acting within the general scope of her employment, Acreman's suit is considered to be against Hamilton in her official capacity only. *Laverie*, 517 S.W.3d at 756. Section 101.106(f) states that when an employee defendant moves to dismiss the suit against her, the plaintiff "then has a thirty-day period within which he may secure suit against the governmental unit by filing amended pleadings dismissing

the . . . employee defendant and naming the governmental unit as a defendant." Failing the amended pleadings, dismissal of the suit against the employee was required. *Id.*

It is undisputed Acreman failed to amend his petition to substitute the governmental entity as a party within thirty days from the date the motion to dismiss was filed. Accordingly, the trial court did not err by granting Hamilton's motion to dismiss. We resolve Acreman's issues against him.

Conclusion

Having overruled Acreman's issues, we affirm the order of the trial court.


James T. Campbell
Justice